This is an appeal from a Ross County Common Pleas Court judgment denying the petition for post-conviction relief filed by George Redmond, defendant below and appellant herein. A jury previously had found appellant guilty of murder, in violation of R.C. 2903.02.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE COMMON PLEAS COURT, HEREINAFTER JUDGE CORZINE, VIOLATED APPELLANTS OHIO ARTICLE 1 AND 16 AND U.S. 14TH AMENDMENT RIGHTS TO `HAVE REMEDY BY DUE COURSE OF LAW, AND SHALL HAVE JUSTICE ADMINISTERED WITHOUT DENIAL OR DELAY,' BY RULING ON SEPTEMBER 19, [19]97 TO `HOLD THE MATTER OF APPELLANTS PETITION TO VACATE OR SET ASIDE SENTENCE, PURSUANT TO R.C. 2953.21, WHICH DEPRIVED APPELLANT OF HIS STATUTORY RIGHT TO REMEDY R.C. 2953.21, UNDERMINDING APPELLANT'S FAITH IN THE JUDICIAL SYSTEM EVEN MORE." SIC
SECOND ASSIGNMENT OF ERROR:
 "ON 12-12-97 ROSS COUNTY COMMON PLEAS COURT DENIED DEFENDANTS MOTION FOR POST-CONVICTION, EVEN THOUGH IT WAS SUPPORTED BY NECESSARY AFFIDAVITS THAT MERITED A HEARING, THE COURTS DECISION TO DENY WITHOUT A HEARING ABUSED THE COURTS DISCRETION VIOLATING APPELLANT OHIO ARTICLE 1 AND 16 AND U.S. 14TH AMENDMENT RIGHTS TO `HAVE REMEDY BY DUE COURSE OF LAWS AND SHALL HAVE JUSTICE ADMINISTERED WITHOUT DENIAL OR DELAY.'" SIC
We first address a threshold jurisdictional issue. On December 22, 1997, the trial court dismissed appellant's post-conviction relief petition without holding an evidentiary hearing. On January 22, 1998, appellant filed a notice of appeal. Pursuant to App.R. 4(A), a party who desires to appeal must file a notice of appeal within thirty days of the entry of the judgment or order appealed.
In the case at bar, appellant failed to comply with App.R. 4(A). Consequently, this court lacks jurisdiction to consider this appeal and we must, therefore, dismiss the instant appeal. Moreover, we note that appellant's assignments of error are without merit.
In his first assignment of error, appellant asserts that the trial court erred by failing to consider the merits of his post-conviction relief petition until the filing of appellant's appellate brief in his direct appeal. We agree with appellant that a trial court must timely consider a post-conviction relief petition even if a direct appeal of the judgment of conviction and sentence is pending. See R.C. 2953.21(C). In the instant case, however, because the trial court eventually ruled upon appellant's petition for post-conviction relief, appellant's first assignment of error is moot.
Appellant's second assignment of error essentially alleges that he received ineffective assistance of counsel due to trial counsel's failure to call certain witnesses to testify about prior statements that the victim made. Appellant claims that the witnesses would have testified that the victim relayed to others an intent to harm appellant. Appellant thus asserts that the witnesses' statements would have helped him establish that the victim was the initial aggressor and that appellant acted in self-defense.
We note, however, that the statements would not have been admissible. See State v. Williamson (Sept. 12, 1996), Ross App. No. 95 CA 2155, unreported (stating that evidence concerning a victim's violent behavior generally inadmissible unless the defendant possessed knowledge of such behavior at the time of the incident). Significantly, appellant does not assert that the witnesses would have testified that appellant knew about the victim's statements or that appellant heard the victim state his intentions. Simply stated, appellant was not aware of the victim's statements at the time of the incident giving rise to the murder charge. Thus, because the witnesses' statements would have been inadmissible, defense counsel's decision not to call the witnesses did not prejudice appellant's defense.
APPEAL DISMISSED.